NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSUE EMANUEL ARANA-ARANA; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  19-72817 <br><br> Agency Nos.  A208-192-264 <br> A208-308-973 <br> A208-308-974 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022**
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Josue Emanuel Arana-Arana, Reina Izabel Aguilar Ruano, and Yensy Izabel

Arana Aguilar (collectively, "Petitioners"), natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their appeal from the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We dismiss the petition in part and deny in part.

**1.** To prevail on their applications for asylum and withholding of removal, Petitioners must establish that Guatemalan authorities were unable or unwilling to control their persecutors. 8 U.S.C. § 1101(a)(42)(A); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020). The IJ found that Petitioners failed to show that the Guatemalan government was unable or unwilling to protect them from their persecutors. On appeal to the BIA, Petitioners did not challenge that finding. Nonetheless, Petitioners challenge that finding in their petition for review. Because Petitioners did not exhaust that issue before the BIA, we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021). Accordingly, we dismiss the petition to the extent it seeks to challenge that finding. And because Petitioners cannot establish this essential element of their claims for asylum and withholding of removal, we deny the petition as to those claims. *Velasquez-Gaspar*, 976 F.3d at 1065.

**2.** The BIA's determination that Petitioners were not entitled to relief on

2

their CAT claim is supported by substantial evidence. To be eligible for CAT protection, Petitioners must establish "that [they] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [Guatemala]." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The government's "general ineffectiveness" in investigating crime, *id.* at 1184 (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016)), or "inability to solve a crime" due to lack of evidence is generally insufficient to show acquiescence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

Petitioners did not establish that a Guatemalan public official would acquiesce in their torture. The record demonstrates that Guatemalan police investigated the murder of Reina's brother and the repeated extortion calls. The police's "inability to solve [either] crime" does not show acquiescence, given the lack of evidence of who may have been responsible for the murder and extortion. *Id.* Petitioners' proffered evidence of the police's "general ineffectiveness" in investigating crime similarly falls short. *Xochihua-Jaimes*, 962 F.3d at 1184 (quotation omitted). Thus, the agency's decision to deny Petitioners' CAT claim was supported by substantial evidence.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

3